UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No.: 10-25805-MER |
| DB CAPITAL HOLDINGS, LLC, | ) |
| | ) Chapter 11 (Involuntary Petition) |
| Debtor. | ) |
| | ) Judge Romero |
| | ) |

**DEBTOR'S MOTION FOR AN ORDER
(1) STRIKING ASPEN HH VENTURES, LLC'S MOTION TO DISMISS,
WESTLB, AG'S JOINDER THERETO, (2) ENTERING AN ORDER FOR RELIEF, AND
(3) RELATED RELIEF**

Debtor, DB Capital Holdings, LLC ("DB Capital" or the "Debtor"), by and through its undersigned proposed counsel, respectfully submits this motion (the "Motion") to (1) strike the motion to dismiss filed by Aspen HH Ventures, LLC ("Aspen HH") and the joinder thereto by WestLB, AG ("WestLB") on the grounds that those parties lack standing and the authority to contest the involuntary petition, (2) requesting the entry of an order for relief, and (3) related relief. In support of this Motion, DB Capital states:

**PRELIMINARY STATEMENT**

1. Aspen HH's motion to dismiss is the result of a disgruntled real estate investor frustrated with the effects of the unforeseen economic downturn in late 2008 and 2009. Instead of supporting its managing partners' efforts to renegotiate its debt and reorganize, Aspen HH, a silent partner, wants to undo its deal and immediately take whatever it can without regard to claims of legitimate creditors holding more senior claims. By its motion to dismiss, Aspen HH, seeks to strip the Debtor and its unsecured creditors of the protections afforded under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §101, *et seq.* (as amended or modified, the "Bankruptcy Code").

2. The filing of an involuntary petition creates an adversary proceeding between the petitioning creditors and the debtor alone. Aspen HH, a holder of an equity interest in the Debtor, and WestLB, a non-petitioning secured creditor lack standing and the authority to contest the involuntary petition.

3. This Court has already recognized that Aspen HH is not authorized to seek the relief it requested in its motion to dismiss. Additionally, pursuant to Section 303(d) of the Bankruptcy Code and Rule 1011 of the Federal Rule of Bankruptcy Procedure ("Bankruptcy Rules"), only the Debtor may contest an involuntary petition, not Aspen HH.

4. Therefore, Aspen HH's motion to dismiss the involuntary petition and WestLB's joinder thereto must be stricken by the Court and the order for relief should be entered forthwith.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue of this case and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

6. The statutory predicates for the relief requested herein are Bankruptcy Code Section 303 and Bankruptcy Rules 1011 and 1013.

## FACTUAL BACKGROUND

7. In the interest of brevity, only the procedural and factual background pertinent to this Motion will be detailed below. Familiarity with the facts leading up to the filing of the voluntary petition[1], the relationships between the relevant parties and the history of proceedings in this Court are respectfully assumed.

---

[1] The facts leading up to the filing of DB Capital's voluntary petition are set forth in the June 7, 2010 Declaration of Tom DiVenere ("DiVenere Decl."), the sole member of DB Management. [Case No.: 10-
(footnote continued)

8. On June 21, 2010, this Court found that the terms of the May Amendment to DB Capital's Operating Agreement, which was executed in conjunction with a certain Loan and Security Agreement between the Debtor and WestLB[2], prohibited the Debtor's manager, Dancing Bear Management, LLC ("DB Management"), from commencing a voluntary bankruptcy proceeding on behalf of DB Capital without the consent of Aspen HH. [Aspen HH's Supplemental Motion to Dismiss, Docket No.: 11 at 11-12 ("the actual affect of the provision is simply to require the consent of all the debtor's members as would be true under Colorado statute.").]

9. Shortly thereafter, on June 24, 2010 (the "Petition Date"), five unsecured creditors of the Debtor (the "Petitioning Creditors")[3] filed an involuntary chapter 11 petition against the Debtor and commenced this proceeding (the "Involuntary Petition"). [Docket No.: 1.]

10. On July 7, 2010, Aspen HH filed its motion to dismiss and on July 9, 2010, it filed a supplemental motion (collectively, the "Motion to Dismiss"). [Docket Nos. 8 and 11, respectively.]

11. The Motion to Dismiss seeks dismissal on three grounds: (1) that the Petitioning Creditors lack standing to pursue an involuntary petition under Section 303(b)(1) of the Bankruptcy Code, (2) that the Court should abstain from exercising its jurisdiction pursuant to Section 305(a)(1) of the Bankruptcy Code, and (3) that the Involuntary Petition was filed in bad faith. [Motion to Dismiss ¶ 1.]

---

23242-MER, Docket No.: 38, Attachment No.: 1.] A copy of the DiVenere Decl. is attached as **Exhibit A**.

[2] *See*, Exhibit D (May Amendment) to Exhibit A, at 1 (referring to DB Capital as the "Borrower" and making covenants solely for the benefit of third-party lender WestLB); *see also* Exhibit A ¶¶ 8-9.

[3] The Petitioning Creditors are G.D.B.S at Snowmass, Inc., William Dennis, Fred Funk, Realty Financial Resources, Inc., and O'Bryan Partnership, Inc.

12. Aspen HH seeks to dismiss the Involuntary Petition so that it may proceed with its Verified Cross-Complaint for dissolution and the appointment of a receiver of the Debtor which is pending in state court. [Id.]

13. In conjunction with its Motion to Dismiss, Aspen HH sought an expedited status hearing on its Motion to Dismiss and for leave to conduct limited discovery relating to the Motion to Dismiss. [Docket No.: 9.]

14. The Court granted the expedited motion and a status conference was set for July 13, 2010. [Docket No.: 10.]

15. During the status conference, an evidentiary hearing was scheduled for August 23rd and 24th, 2010 on Aspen HH's Motion to Dismiss and Aspen HH was granted leave to conduct limited discovery on the issues raised. Aspen HH has served notices of deposition upon each of the Petitioning Creditors as well as certain other individuals including counsel to the Debtor.

16. WestLB joined the Motion to Dismiss on July 12, 2010. [Docket No.: 16.]

17. The Debtor has not responded to the Involuntary Petition.

18. This Court has not entered an Order for Relief.

## RELIEF REQUESTED

19. DB Capital requests that this Court strike the Motion to Dismiss because Aspen HH is using this Court to breach the covenants it made. Additionally, portions of the Motion to Dismiss dealing with the claims of the Petitioning Creditors must be stricken because neither Aspen HH nor WestLB have standing to contest the validity of the Involuntary Petition pursuant to the Bankruptcy Code and DB Capital's Operating Agreement. Aspen HH, a silent partner, lacks any factual basis to question the validity of the Petitioning Creditors' claims. DB Capital

also requests that an order for relief be entered by the Court in accordance with Rule 1013 of the Bankruptcy Rules. To the extent Aspen HH seeks discovery, DB Capital requests that this Court first determine Aspen HH's standing to file the Motion to Dismiss and limit the scope of permissible discovery to remaining issues presented by the Motion to Dismiss, if any.

## ARGUMENT

20. The issue of standing is a "threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

21. The issue of whether Aspen HH has standing with respect to its Motion to Dismiss is different from the issue of whether the Petitioning Creditors have standing to file the Involuntary Petition.

22. Pursuant to both the Debtor's Operating Agreement and the Bankruptcy Code, Aspen HH does not have standing to contest the standing of the Petitioning Credtiors' claims. Unless and until an Order for Relief is entered, Aspen HH is not a "person[] aggrieved." *See Spenlinhauer v. O'Donnell*, 261 F.3d 113, 117 (1st Cir. 2001). Accordingly, its Motion to Dismiss must be stricken.

### I. The Debtor's Operating Agreement Prohibits Aspen HH's From Filing its Motion to Dismiss

23. This Court previously found that the May Amendment was part of the controlling Operating Agreement of the Debtors and that Aspen HH, Dancing Bear Development, LLC ("DB Development") and DB Management each executed the May Amendment. [Docket No.: 11 at 8.]

24. Pursuant to section (n) of the May Amendment, Aspen HH covenanted not to "seek the dissolution or winding up, in whole or in part, of the Borrower."[4] [Exhibit D (May Amendment) to Exhibit A, ¶ (n).]

25. Further, under section (v) of the May Amendment, Aspen HH covenanted not to "consent to the appointment of a receiver ...; or take any action in furtherance of any such action." [Exhibit D (May Amendment) to Exhibit A, ¶ (v).]

26. However, Aspen HH filed its Motion to Dismiss in order to break those very covenants. This Court cannot permit Aspen HH to do so.

27. Aspen HH admits that it is "seeking the appointment of a receiver to assume managerial control and wind-up the affairs of the Debtor." [Motion to Dismiss ¶ 1.]

28. This Court has already held that in order to take such action in contravention of the Debtor's Operating Agreement, the consent of both members of the Debtor is necessary. [Docket No.: 8 at 11-12.] DB Development, the other member of the Debtor, has not consented to the appointment of a receiver or to the winding up of the Debtor. Thus, Aspen HH has already violated the terms and covenants of the Operating Agreement by its state court filings. This Court cannot further aid and abet Aspen HH in breaking its covenants and must strike Aspen HH's Motion to Dismiss.

## II. The Bankruptcy Code Prohibits Anyone Except the Debtor From Contesting the Involuntary Petition

---

[4] Capitalized terms set forth in the May Amendment have the same meaning as given them in the certain Loan and Security Agreement entered into between the Company and WestLB. DB Capital is the Borrower.

29. Under the plain language of the Bankruptcy Code, Aspen HH does not have standing to contest the Involuntary Petition.

30. The language of Section 303(d) of the Bankruptcy Code and Rule 1011 of the Bankruptcy Rules are clear. Section 303(d) provides that only "[t]he debtor, … may file an answer to a petition under this section." 11 U.S.C. § 303(d). Rule 1011 provides that "[t]he debtor named in an involuntary petition, … may contest the petition." Fed. R. Bankr. P. 1011(a).

31. Rule 1011(e) provides that "No other pleading shall be permitted…" Fed. R. Bankr. P. 1011(e).

32. In interpreting these straightforward provisions, courts have held that "the sufficiency of an involuntary petition may only be challenged by the debtor and not by creditors or third parties." *In re Marketxt Holdings Corp.*, 347 B.R. 156, 160 (Bankr. S.D.N.Y. 2006).

33. It has been recognized that a "creditor is not authorized to contest an involuntary petition because a creditor may have an incentive to protect a preference or to gain some unfair advantage at the expense of other creditors." *Id.* (citing *In re Westerleigh Dev. Corp.*, 141 B.R. 38, 40 (Bankr. S.D.N.Y. 1992); *In re QDN, LLC*, Case Nos. 08-4210 & 08-4211, 2010 U.S. App. LEXIS 2592 (3d Cir. Feb. 8, 2010) ("The filing of an involuntary petition is an adversarial proceeding between the filers and the debtor, which may contest the filing at a hearing. Congress chose to preclude creditors from opposing involuntary petitions because such opposition invariably was to protect a preference or to gain some unfair advantage at the expense of other creditors, contrary to the policy of providing equitable distribution of assets among all creditors."); *Franklin v Four Media Co. (In re Mike Hammer Prods., Inc.)*, 294 B.R. 752, 754 (B.A.P. 9th Cir. 2003); *In re New Era Co.*, 115 B.R. 41, 45 (Bankr. S.D.N.Y. 1990), *aff'd*, 125 B.R. 725 (S.D.N.Y. 1990); *Candido v. Schmitt (In the Matter of Gold Medal, Inc. Packing*

*Corp.)*, 470 F.2d 186 (2d Cir. 1972); *Highlander v. Rothman (In the Matter of Highley)*, 459 F.2d 554, 556 (9th Cir. 1972); *American Standard, Inc. v. Nass (In the Matter of Jack Kardow Plumbing Co.)*, 451 F.2d 123, 130 (5th Cir. 1971); *In re Carden*, 118 F.2d 677 (2d Cir. 1941), cert. denied sub nom. *McClave Co. v. Carden*, 314 U.S. 647, 62 S. Ct. 91, 86 L. Ed. 519 (1941); *Dunlop Tire and Rubber Corp. v. Earl's Tire Service, Inc. (In re Earl's Tire Service, Inc.)*, 6 Bankr. 1019, 1021 (D. Del. 1980); *In re N2N Commerce, Inc.*, Case No.: 09-16581-JNF, 2009 Bankr. LEXIS 3238 (Bankr. D. Mass. 2009); *In re Memphis-Friday's Associates*, 88 Bankr. 821, 828 (Bankr. W.D. Tenn. 1988); *Manson Billard, Inc. v. Hoffman Industries, Inc. (In re Manson Billard, Inc.)*, 82 Bankr. 769, 772 (Bankr. E.D. Pa. 1988); *Broadview Savings Bank v. Royal Gate Associates (In re Royal Gate Associates, Ltd.)*, 81 Bankr. 165, 167 (Bankr. M.D. Ga. 1988); *In re: Jr. Food Mart of Arkansas, Inc.*, 234 B.R. 420, 421 (Bankr. E.D. Ark. 1999) ("The Bankruptcy Code and Rules unambiguously provide that ... only the debtor named in the involuntary petition may 'contest' the petition.").

34. Aspen HH is not the debtor, and therefore under 11 U.S.C. § 303(d) and Federal Rule of Bankruptcy Procedure 1011 it does not have the right to contest the merits of the Involuntary Petition. Indeed, the only reason Aspen HH is contesting the Involuntary Petition is to circumvent the protection provided by the Bankruptcy Code and gain a more favorable position than the Petitioning Creditors.

35. In a footnote in the Motion to Dismiss, Aspen HH argues that this Court should afford it standing. [Motion to Dismiss ¶ 22, n.6.] As support for its position Aspen HH cites *In re Westerleigh Development Corp.*, 141 B.R. 38 (Bankr. S.D.N.Y. 1992). Aspen HH's reliance on *Westerleigh* is misplaced.

36. In the rare instances where Courts have afforded a stockholder standing to contest an involuntary petition, it was because the involuntary petition was filed in an effort to defraud that particular stockholder and perpetuate a fraud on the Court. The facts of the instant case do not support a finding that the Involuntary Petition was filed to defraud Aspen HH and the Petitioning Creditors are not using the Court for improper means.

37. The Debtor in *In re Westerleigh Development Corp.*, had two 50% stockholders. Due to a management dispute between the stockholders, the debtor had been paralyzed for two years; it was unable to execute any corporate decisions or effect any corporate act, it had ceased its business operations, was not generating income and it failed to pay its debts as they became due. *Id.* at 39-41. In order to gain leverage in – and stay – a state-court foreclosure action brought by one of the stockholders against the debtor, the other stockholder, using a family owned corporation as a creditor, filed an involuntary petition against the debtor.[5]

38. The Court stated that "under certain circumstances, stockholders might be permitted to contest an involuntary petition against their corporation where there was a plan or scheme to achieve fraud or other proscribed conduct" *Id.* at 40 (citing *In re Ceiling Fan Distributor, Inc.*, 37 B.R. 701 (Bankr. M.D. La. 1983)). The Court then properly afforded standing on the non-petitioning stockholder to contest the involuntary petition, "especially when the petitioner is the family owned corporation of the other 50% shareholder." *Id.* at 40.

39. The holding of *In re Westerleigh Development Corp.* is limited to its facts. A two party dispute where one party improperly attempts to use the Bankruptcy Court to gain leverage

---

[5] It should be noted that the Debtor's project known as Dancing Bear Aspen, continues to operate and receive accolades within its industry. Dancing Bear Aspen recently won the American Resort Development Association Award for "Best Interior Design: New Resort Unit 2010". *See* American Resort Development Association, 2010 ARDA Award Winners, *available at* http://www.arda.org/Content/NavigationMenu/Awards/ProgramInformation/Finalists.htm.

in another proceeding. This is not a two-party dispute. Bankruptcy Court's do not grant a stockholder standing where the involuntary was not filed as a fraud on the Court.

40. Even in cases where the debtor cannot or will not respond to an involuntary petition, stockholders are not afforded standing.[6] In *Ceiling Fan*, a stockholder argued that he must be allowed to file an answer, or else no answer could be filed because the director of the debtor would not agree to oppose the involuntary petition filed by a third-party creditor. 37 B.R. at 702. In denying the stockholder standing, the Court noted that the cases and the treatise materials only allow a stockholder to prevent an involuntary petition where the involuntary petition is motivated by a plan or scheme to achieve fraud or other proscribed conduct (as was the case in the *In re Westerleigh Development Corp.*). *Id.*

41. Here, the shareholder, Aspen HH filed the Motion to Dismiss with the intent of appointing a friendly state-court receiver to gain leverage in negotiations with WestLB, to circumvent claims of the unsecured creditors, and to collect on its investment in a more favorable distribution than it would in bankruptcy.[7] Aspen HH's interest in opposing the Involuntary

---

[6] In *In re Oakland Popcorn Supply, Inc.*, 213 F. Supp. 665, 667 (N.D. Cal. 1963), standing was afforded to stockholders, but only after the order for relief had been entered and the president of the debtor was not fulfilling his fiduciary obligations to the debtor. Those are not the facts here. The Manager of DB Capital is ready, willing and able to act in the best interest of the Debtor and its creditors as soon as the Order for Relief is entered.

[7] "Aspen HH became involved in late February and immediately devised ways to benefit from the cash being provided to the Debtor in complete disregard for the rights of unsecured creditors (in a position senior to equity investors) and other equity investors." Exhibit A ¶ 27.

"Using whatever means available regardless of the harm, inequity, inaccuracy or short term position, Aspen HH continued to demand for its own gain, not for the future and protection of the Project. Aspen HH began a personal attack against me and another one of my investors, believing such threats would lead to agreement to their demands. As to my management, it neglected my work, investment, risk and the creation of a Project being sought by the lender and other investors, and alleged fraud, misappropriation and misuse of funds. These false allegations against my other investor and me were included in a motion to have me replaced by a receiver for the ownership assets. It is my belief that the purpose of Aspen HH's motion is to get a receiver in my place, dissolve our entity, and extract a greater sum from the lender through a threatened derivative action." Exhibit A ¶ 34.

Petition is similar to that of a creditor with an interest to protect that conflicts with the interest of legitimate creditors. In such cases, standing has been denied. *See Kukuda v. Westport Ins. Corp. (In re Michael Angelo Corry Inn, Inc.)*, Docket No.: 01-11201, 2002 Bankr. LEXIS 10 (Bankr. W.D. Pa. Jan. 8, 2002) (denying standing to a shareholder who sought to dismiss the bankruptcy because dismissal was in its best interest, not the estate's or the creditor's best interest).

42. The *Westerleigh* Court held that use of the Bankruptcy Code as a weapon to get more leverage in an internal two-party dispute was impermissible. *Id.* at 41. Here, in addition to the shareholders of the Debtor, there are five Petitioning Creditors and a secured lender, WestLB. This is not a two-party dispute and because the Involuntary Petition was not filed as part of a scheme to defraud Aspen HH and the Court, Aspen HH has no standing to contest the Involuntary Petition. Thus, the portions of the Motion to Dismiss contesting the Involuntary Petition must be stricken.

### III. The Order For Relief Must Be Entered

43. The Bankruptcy Code and Rules require that that if there is no responsive pleading filed by the debtor, the order for relief must be entered forthwith. Fed. R. Bankr. P. 1013; *In re Jr. Food Mart of Arkansas, Inc.*, 234 B.R. 420, 421 (Bankr. E.D. Ark. 1999).

44. Section 303(h) of the Bankruptcy Code further provides, "[i]f the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed." 11 U.S.C. 303(h); *In re Marketxt Holdings Corp.*, 347 B.R. 156, 161 (Bankr. S.D.N.Y. 2006).

45. This direction is stated in mandatory terms. *See, Id.*

46. In *In re Jr. Food Mart of Arkansas, Inc.*, entities affiliated with the debtor filed a motion to dismiss in response to an involuntary petition. *Id.* The debtor did respond to the

involuntary petition. *Id.* The petitioning creditors filed a motion to strike the response asserting that those entities lacked standing to respond to the involuntary petition. The Court agreed. *Id.*

47. The Court struck the portions of the response to the extent it was a pleading in answer to the petition and then entered the Order for Relief. *Id.* at 422. The Court did allow the portions of the pleading to remain to the extent it was a motion to abstain. *Id.* However, as shown above, Aspen HH covenanted not to seek the appointment of a receiver or the winding up of the Debtor and therefore, the entire Motion to Dismiss must be stricken and a Order for Relief must be entered.[8]

### IV. Discovery Should Be Stayed Pending the Outcome of This Motion

48. Because Aspen HH lacks the authority and standing to file its Motion to Dismiss, it should not be permitted to seek discovery on issues related thereto.

49. Accordingly, the Debtor requests that this Court stay discovery until a determination is made on the Debtor's Motion.

---

[8] The Debtor acknowledges that there are "grounds on which a party in interest may seek dismissal of any Chapter 11 case after an order for relief has been entered, including motions to dismiss or abstain pursuant to 11 U.S.C. §§ 1112 and 305(a)." *In re Marketxt Holdings Corp.*, 347 B.R. 156, 160 (Bankr. S.D.N.Y. 2006) (emphasis added) (citing *In re Jr. Food Mart of Arkansas, Inc.*, 234 B.R. 420, 421-22 (Bankr. E.D. Ark. 1999)). However, up and until an order for relief is entered, any motions on those grounds are premature.

WestLB is not precluded from filing a motion to abstain and/or dismiss because it is not a party to the Debtor's Operating Agreement. But it does not have standing to file such motions until after the order for relief is entered and it is brought into this case as a secured creditor of the chapter 11 debtor. *See In re Jr. Food Mart of Arkansas, Inc.*, 234 B.R. 420.

## CONCLUSION

For the foregoing reasons, DB Capital Holdings, LLC respectfully requests that the Court:

(1) Strike Aspen HH Ventures, LLC's Motion to Dismiss and WestLB AG's joinder thereto;

(2) Enter an Order for Relief;

(3) Stay discovery pending the outcome of this Motion; and

(4) Such other relief as the Court deems just and proper.

Dated: July 30, 2010
Englewood, Colorado

**LAUFER AND PADJEN LLC**

By: /s/ Robert Padjen
    Robert Padjen (No. 14678)
5290 DTC Parkway, Suite 150
Englewood, Colorado 80111
Telephone: (303) 830-3173
Facsimile: (303) 830-3135

- and -

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Heidi J. Sorvino (*pro hac vice*)
Mark D. Wessel (*pro hac vice*)
199 Water Street, 25th Floor
New York, New York 10038
Telephone: (212) 232-1300
Facsimile: (212) 232-1399
*Proposed attorneys for the Debtor*

## CERTIFICATE OF SERVICE

This is to certify that on this 30th day of July, 2010, a true and correct copy of the DEBTOR'S MOTION FOR AN ORDER (1) STRIKING PORTIONS OF ASPEN HH VENTURES, LLC'S MOTION TO DISMISS, WESTLB, AG'S JOINDER THERETO, (2) ENTRY OF AN ORDER FOR RELIEF, AND (3) RELATED RELIEF was served via United States Mail, postage prepaid thereon, and addressed to the attached list.

/s/ Robert Padjen
Robert Padjen

```
Label Matrix for local noticing        Lawrence Bass                         Jeffrey S. Brinen
1082-1                                 3200 Wells Fargo Center               303 E. 17th Ave.
Case 10-25805-MER                      1700 Lincoln St.                      Suite 500
District of Colorado                   Denver, CO 80203-4500                 Denver, CO 80203-1258
Denver
Fri Jul 30 11:32:46 MDT 2010

Christopher D. Bryan                   DB Capital Holdings, LLC              William Dennis
601 E. Hyman Ave.                      201 N. Main Street, Suite 203         10302 Deerwood Park Blvd.
Aspen, CO 81611-1954                   Aspen, CO 81611-1928                  Jacksonville, FL 32256-2880



Fred Funk                              G.D.B.S. at Snowmass, Inc.            O'Bryan Partnership, Inc.
24579 Harbourview Drive                attn: Andrew W. Light                 Attn:  Ken A. O'Bryan
Ponte Vedra, FL 32082                  PO Box 620                            PO Box 2773
                                       Basalt, CO 81621-0620                 620 Main Street, Unit 8
                                                                             Frisco, CO 80443-2773


Realty Financial Resources, Inc.       US Trustee
attn:  George David                    999 18th St.
1441 Stockton Street                   Ste. 1551
St. Helena, CA 94574-1843              Denver, CO 80202-2415
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Aspen HH Ventures, LLC              (u)Michael E. Romero                  (u)WestLB AG




End of Label Matrix
Mailable recipients    10
Bypassed recipients     3
Total                  13
```