## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | Case No. 10-25805-MER |
| DB CAPITAL HOLDINGS, LLC,<br>a Colorado limited liability company, | Chapter 11 (Involuntary Petition) |
| Debtor. | |

## WESTLB AG'S RESPONSE TO ASPEN HH VENTURES, LLC'S MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE

WestLB AG, New York Branch ("WestLB"), by and through its undersigned counsel and on behalf of its wholly owned subsidiaries, Tanzbar DB Holdings, LLC and Tanzbar CH Holdings, LLC, hereby files its Response to *Aspen HH Ventures, LLC's Motion for Appointment of Chapter 11 Trustee* [Docket No. 135] (the "Trustee Motion"). In support of its Response, WestLB respectfully states as follows:

1.      Aspen HH Ventures LLC ("Aspen HH") requests the appointment of a trustee on the basis of a dispute between the two members of DB Capital Holdings, LLC ("DB Capital" or the "Debtor") over who may make decisions on behalf of DB Capital (and, presumably, also on behalf of Dancing Bear Land, LLC ("DB Land"), because DB Capital is DB Land's sole member). This question, however it is ultimately resolved, has no bearing on WestLB's entitlement to relief from the automatic stay to foreclose on collateral pledged to WestLB by DB Capital and DB Land. Thus, although it may be appropriate for the Court to appoint a trustee to address issues of management and control, the appointment of a trustee should not impair WestLB's liens or WestLB's right to have relief from stay granted within the statutorily prescribed timeline.

2.    As discussed more fully in WestLB's motions for relief from the automatic stay,[1] WestLB is entitled to relief because: (i) DB Capital and DB Land each expressly waived the protections of the automatic stay as part of an out-of-court workout; (ii) WestLB's interest in the collateral is not adequately protected; and (iii) neither DB Capital nor DB Land has any equity in the collateral and neither debtor has proposed or can proposed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time.  DB Capital appears to be administratively insolvent.  It cannot reorganize around its membership interest in DB Land because that membership interest is worthless.  DB Land's principal asset is real property that serves as collateral for WestLB's dramatically undersecured claim.  DB Capital has acknowledged that it cannot obtain financing to fund a reorganization other than on terms requiring the priming of WestLB's liens and, for the reasons discussed in WestLB's soon-to-be-filed objection to DB Capital's motion for approval of post-petition financing (the "DIP Financing Objection"), such priming of WestLB's liens cannot be authorized.  There is, therefore, no equity in WestLB's collateral and no reorganization in prospect for this Debtor or DB Land, whose estate is suffering continuing losses as a result of ongoing operating expenses and drastically insufficient income.

3.    Under section 362(e) of the Bankruptcy Code, WestLB is entitled to a prompt determination on its Relief From Stay Motions.  The appointment of a trustee will neither create equity in the collateral that previously did not exist nor make reorganization any more likely.[2] Accordingly, the appointment of a trustee cannot justify delaying the resolution of the Relief

---

[1] On January 7, 2011, WestLB filed its *Motion for an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* in DB Land's bankruptcy case, Case No. 10-39584-MER [Docket No. 40], and, on January 10, 2011, WestLB filed its *Motion for an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* in DB Capital's bankruptcy case, Case No. 10-25805-MER [Docket No. 124] and its *Motion for an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* in the bankruptcy case of Dancing Bear Development, LP, Case No. 10-36493-MER [Docket No. 27] (collectively, the "Relief From Stay Motions").

[2] Aspen HH suggests, in its Trustee Motion that a "more conservative" trustee-proposed plan "would likely be much more palatable to WestLB."  Trustee Motion ¶ 36.  At this point, the prospect that a trustee would propose a plan that would be acceptable to WestLB is pure speculation.  Although WestLB would, of course, be willing to engage in a dialog with a trustee, the appointment of a trustee will not change the legal and factual situation that there is no reasonable prospect for reorganization.

2

LA1 2017660

From Stay Motions.

4.      Further, it is important to note that a trustee will have no ready source of funds to pay the administrative fees and expenses of the Debtor's estate. WestLB's cash collateral cannot be used to pay a bankruptcy trustee's fees or expenses without WestLB's consent or a finding of adequate protection. 11 U.S.C. § 363(c)(2). WestLB does not consent to the use of its collateral for the appointment of a trustee. Moreover, as set forth in WestLB's Relief From Stay Motions and the forthcoming DIP Financing Objection, WestLB has a lien on all of the Debtor's cash and its interest in the cash collateral is not adequately protected. In fact, WestLB is grossly undersecured, and the Debtor's estate is administratively insolvent, even as it continues to accrue administrative obligations. In addition, a trustee's services are not needed for the direct protection or benefit of WestLB's collateral. For these reasons, the fees and expenses of a trustee, if one is to be appointed, can only be paid with assets that do not serve as collateral for WestLB (if any such assets even exist).[3]

///

///

///

///

///

///

///

///

///

///

---

[3] In addition, if a trustee is to be appointed, WestLB respectfully submits that the case should be converted to a chapter 7 case and the trustee should be appointed under chapter 7, rather than chapter 11. Conversion is warranted by the Debtor's administratively insolvent estate and nonexistent prospects for reorganization. 11 U.S.C. § 1112(b)(4).

LA1 2017660

5.      WHEREFORE, WestLB respectfully requests that the Court consider the foregoing points in its evaluation of the Trustee Motion.

Dated: February 1, 2011

Respectfully submitted,

By: _/s/ Christopher D. Bryan_____

Matthew C. Ferguson (#25687)
Christopher D. Bryan (#35522)

GARFIELD & HECHT, P.C.

601 East Hyman Avenue
Aspen, CO  81611
Telephone:  (970) 925-1936
Facsimile:  (970) 925-3008
Email:  ferguson@garfieldhecht.com
          cbryan@garfieldhecht.com

*Local Counsel for WestLB AG*

Richard W. Havel, *pro hac vice*
Ariella T. Simonds, *pro hac vice*

SIDLEY AUSTIN LLP

555 West 5th Street, Suite 4000
Los Angeles, CA  90013
Telephone:  (213) 896-6000
Facsimile:  (213) 896-6600
Email:  rhavel@sidley.com
          asimonds@sidley.com

*Counsel for WestLB AG*

LA1 2017660